## W. Plummer *v.* The State.

Self-Defense. — If, in the justifiable defense of himself against apparent danger of death or serious bodily injury, a party unintentionally or accidentally injure a by-stander, the exigency excuses the act, and he is guilty of no offense.

Appeal from the District Court of Washington.    Tried below before the Hon. E. B. Turner.

The indictment charged an assault with intent to kill Mrs. M. P. Smelser.  It appeared from the evidence that the appellant had been deputized to arrest J. F. Smelser, the husband of Mrs. M. P. Smelser, and went to his house about nine o'clock at night for that purpose.  Smelser invited the appellant to come up on the gallery, and there a conversation took place between them, in which appellant informed Smelser of his business.  Mrs. Smelser was the only witness who testified to what next followed, and, according to her, there was very little further preliminary before a fusillade opened between Smelser and the appellant, in which five shots were fired.  She stated that two of the shots were fired by her husband, and two by the appellant, but could not tell by whom the first one was fired.  She was in bed and out of view of the parties when she heard the first shot, but then got up and ran into another room, from which she could see Plummer, the appellant.  Her husband had just run into an adjoining shed-room, from which he was firing on the appellant.  There was no moonlight, and no lights in the house.  One of the shots fired by the appellant struck her and inflicted a flesh-wound.  Both she and her husband were in their night-clothes.  Good-will and friendly intercourse had prevailed between the appellant on the one hand, and her husband and herself on the other.

Mr. Smelser was not introduced as a witness, nor his absence accounted for.

For the defense it was proved that only two barrels of the appellant's pistol were found empty, very soon after the difficulty.

The object of the warrant for the arrest of Smelser was to bind him to keep the peace towards a brother-in-law of the appellant.

The jury found Plummer guilty of aggravated assault on Mrs. Smelser, and assessed his punishment at a fine of $150.

*Shepard & Garrett*, for the appellant.

*W. B. Dunham*, for the State.

WINKLER, J.   On the trial below, the jury were instructed as follows:

" If the defendant went to the house of Smelser to arrest him, and Mr. Smelser resisted and fired at the defendant first, and thus gave defendant to believe that he was in danger of death or great bodily harm, then the defendant would be excused in defending himself, and to kill Mr. Smelser, if necessary to save his life; and, in that event, if he shot Mrs. Smelser by accident or through mistake, then you would see that he did not intend to kill, and, therefore, could not have made the assault with intent to kill or murder Mrs. Smelser; and, in that event, he could not be justly convicted of a higher grade of assault than aggravated assault."

We are of opinion that the latter portion of this charge was erroneous, and calculated to mislead the jury to the prejudice of the accused.

We take the law to be that if the jury believed that the defendant found himself in a condition where he would have been justified in taking the life of Smelser in order to save himself from death or the infliction of great bodily harm, and, in so defending himself from such danger, he, by mistake or accident, shot Mrs. Smelser, then he would not

only not be guilty of an assault with intent to murder Mrs. Smelser, but he would not be guilty of any offense whatever.

The charge, if a proper one under the evidence on a subsequent trial, should be so framed as to harmonize with the intimation given above. Further than this, we fail to discover any material objection to the charge. If the proof shows such a condition of affairs as to justify the accused in taking life in his necessary self-defense, the emergency would excuse him from culpability if, in making such necessary defense, he should unintentionally, or by accident or mistake, injure another person.

For the error pointed out the judgment must be reversed and the case remanded.

*Reversed and remanded.*